# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RYAN MEYERS | Case Number:   07-128  SEC J |
| | USM Number:  30186-03 |
| | John Sudderth, Esq., 3814 Williams Blvd, Ste 9, Kenner, LA |
| | Defendant's Attorney      70065 |

Social Security No.: xxx-xx-8398

**THE DEFENDANT:**

[✔] pleaded guilty to counts 12 and 13 of the indictment on November 29, 2007.

[ ] pleaded nolo contendere to count(s)    which was accepted by the court.

[ ] was found guilty on count(s)    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Count** |
|---|---|---|
| 21 U.S.C. §841(a)(1) | Conspiracy to Possess with the Intent to Distribute a Quantity of Cocaine Hydrochloride | 12 |
| 21 USC 843(b) | Use of a Communication Facility in Committing, Causing and Facilitating the Commission of a Drug Trafficking Offense | 13 |

   The defendant is sentenced as provided in pages 2 through  3  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s)

[X] Count 1 is dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**COURT REPORTER: Cathy Pepper**

**ASST. U. S. ATTORNEY: Theodore Carter**

**PROBATION OFFICER: Marc S. Johnson**

**CERTIFIED AS A TRUE COPY**

**ON THIS DATE** _____

**BY:** _____

  **Deputy Clerk**

April 2, 2008
Date of Imposition of Judgment

/s/ Carl J. Barbier
Signature of Judge

CARL J. BARBIER, United States District Judge
Name and Title of Judge

4/3/08
Date

DEFENDANT:      RYAN MEYERS
CASE NUMBER:    07-128  SEC J

# PROBATION

The defendant is hereby sentenced to probation for a term of five years as to each of Counts 12 and 13, to run concurrently.

The defendant shall not commit another federal, state or local crime.

## SPECIAL CONDITIONS OF SUPERVISION

The following special conditions are imposed:
1. The defendant shall participate in an orientation and life skills program as directed by the probation officer.

2. The defendant shall participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall contribute to the cost of such treatment to the extent that the defendant is deemed capable by the probation officer.

3. The defendant shall pay any fine that is imposed by this judgment.

4. The defendant shall be placed on home detention for a period of six months to commence immediately. During this time, the defendant shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The defendant shall maintain a telephone at hisplace of residence without any special services, modems, answering machines, or cordless telephones for the above period. The defendant shall wear an electronic device and shall observe the rules specified by the Probation Department. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the probation officer.

The defendant shall cooperate in the collection of a DNA sample, pursuant to the DNA Analysis Backlog Elimination Act of 2000, and subsequent amendments.
If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as shown below, and shall not possess a firearm.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: RYAN MEYERS
CASE NUMBER: 07-128 SEC J

# CRIMINAL MONETARY PENALTIES

☐ The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

☐ The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 3,000.00 | $ -0- |

✓ **The special assessment is due immediately.**

X **The payment of the fine of $3,000.00 shall begin on MAY 1, 2008, at the rate of $200.00 per month, payable on the first day of each month thereafter, until paid. The payment is subject to increase or decrease, depending on the defendant's ability to pay. The court finds that the defendant does not have the ability to pay interest. The interest requirement is waived in this case.**

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $_____ $_____

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.